**Petition of Charles McGOWAN for an Order Quashing a Subpoena Issued to Him by the Attorney General.**

Superior Court of Delaware, New Castle.

Nov. 1, 1972.

Jerome O. Herlihy, Chief Deputy Atty. Gen., Department of Justice, Wilmington.

Rodman Ward, Jr., Prickett, Ward, Burt & Sanders, Wilmington, for petitioner.

OPINION

O'HARA, Judge.

Relying upon the provisions of 29 Del.C. § 2504(a), the Attorney General issued a subpoena upon petitioner which commanded him to present certain photographs taken by a News-Journal photographer, to Sergeant Clark Jester of the Delaware State Police. Petitioner thereupon moved this Court to quash the subpoena. During the pendency of this motion, petitioner noticed the deposition of Sergeant Jester. Whereupon, the Attorney General filed a "Motion to Block", amounting to a motion for a protective order, to prevent the taking of the deposition. Problems germane to both motions have been briefed by the parties.

The fundamental issue before the Court is whether or not photographs, taken by a newspaper photographer in the course of his employment, are privileged items the production of which, at the behest of the Attorney General, may be refused.

The authority under which the Attorney General purports to act here is found in 29 Del.C. § 2504(d), setting forth some of the broad authority of the Attorney General, which reads as follows:

"(d) To investigate matters involving the public peace, safety and justice, and to subpoena witnesses and evidence in connection therewith: provided, however, that nothing in this subsection shall restrict the general powers of the General Assembly to investigate matters involving the public peace, safety and justice and to subpoena witnesses and evidence in connection therewith;"

Petitioner first contends that the Attorney General's subpoena is defective on its face because it directs the petitioner to produce certain items to the State Police. It follows therefore, argues petitioner, that the investigation is not that of the Attorney General but that of the police and not sanctioned by the provisions of the above cited statute. Suffice to say, this argument lacks substance. The Attorney General is obviously involved in the matter and the State Police are merely conduits through which this investigation is conducted.

In Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), the Supreme Court recognized the right of a Grand Jury, in the course of a criminal investigation, to subpoena a newspaper reporter and inquire into his "confidential" sources of information relative to the matter under investigation. The holding in this case supports the position of the State herein. The Attorney General in this State has full investigative powers with relation to crimes and in the opinion of this Court, is in the same position as the Grand Jury was in the *Branzburg* setting. The only real issue being whether or not the Attorney General is investigating matters "involving the public peace, safety and justice".

The Chief Deputy Attorney General has appeared before the Court and has stated for the record exactly what is being sought from the petitioner. It appears that at a recent political-type rally in a nearby high school auditorium, individuals opposing the objectives of the sponsoring group were voicing their objections outside of the auditorium. The police officer involved was assigned to observe actions of the individuals taking part in the demonstration but was under instructions not to make any arrests. At one point when emotions were developing, an individual in a loud voice uttered abusive language in the face of the officer. Upon reviewing this situation at a later date with the Attorney General's Office, it was determined that the action described amounted to an act of disorderly conduct, a criminal offense in this State. The police officer who was thus allegedly assaulted verbally did not know the name of the individual involved but was aware of the fact that at the time this incident was occurring a newspaper photographer took pictures of this person. The Attorney General's subpoena was intending to produce these pictures so that an effort could be made with the aid of such photograph(s) to identify this person.

In In Re Henry C. Eastburn & Son, Inc., 1 Storey 446, 147 A.2d 921 (Del.Supr. 1959), it was held that when a witness is served with a subpoena duces tecum he may file a motion to quash which will require the Attorney General to disclose facts supporting a conclusion that his action is within the scope of his official duty. Petitioner here argues that the Attorney General's statement of the facts, briefly outlined above, is insufficient to meet the *Eastburn* test and that at a minimum it is essential that petitioner have the opportunity of deposing the police officer to determine if such requirements have been satisfied. This Court does not agree.

Certainly the right to issue such a subpoena and the necessity of responding thereto should have some forum for its being tested. This is supplied by a hearing on the motion to quash. The Attorney General having established on the record the basis for his action, his statement thereof is sufficient to meet the *Eastburn* test. Petitioner here would, in effect, go beyond this and delve into the matter in great detail in an effort, presumably, to determine whether or not an actual crime has been committed. To permit this would defeat the very purpose of the Attorney General's subpoena. It is the Attorney General's task to determine whether or not a crime has been committed and he has been given subpoena powers to aid in the investigation underlying such determination.

Petitioner's arguments with respect to a supposed Constitutional privilege in a newspaper to refuse to divulge information and, in particular, the argument that to ignore such privilege would be to expose news persons to physical harm and otherwise hamper their news gathering capacity, has been specifically rejected in *Branzburg*.

For the reasons herein set forth, the Court is of the opinion that petitioner's motion to quash the subpoena of the Attorney General should be denied and that the State's motion for a protective order preventing the taking of the deposition of Sergeant Jester should be granted.

It is so ordered.